Betta *v.* Smith, Appellant.

Argued May 23, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Walter M. Swoope,* with him *A. R. Chase, F. Cortez Bell, Jr.,* and *Chase, Swoope and Bell* for appellants.

*B. R. Coppolo,* with him *Alvin B. Coppolo, Driscoll, Gregory & Coppolo, Dan P. Arnold,* and *Chaplin & Arnold,* for appellee.

OPINION BY MR. JUSTICE LADNER, June 27, 1951:

This is an appeal from the refusal of the court below to enter judgment n.o.v.

L. W. Smith was the fee simple owner of 1100 acres of land in Jay Township, Elk County, known as Warrant No. 4895. He leased the coal underneath to the plaintiff at a royalty of ten cents a ton. Contiguous to Smith's warrant was land of the Commonwealth of Pennsylvania, known as Warrant No. 5283. Plaintiff drove his heading beyond Smith's land into the land of the Commonwealth, having been told by Smith that he, plaintiff, might remove the coal beneath the Commonwealth's warrant as he, Smith, had made arrangements with the state to do so. Relying upon Smith's statement, he removed 110,700 tons of coal from the Commonwealth's land from March 2, 1942, until Smith

died on January 27, 1947, and paid Smith in royalties $11,070.00.

In 1947 the Commonwealth's Department of Forests and Waters, learning of the removal of its coal, compelled plaintiff to pay $21,481.80 as damages for the coal removed from its warrant. Plaintiff then brought suit against Smith's Estate to recover the damages paid to the Commonwealth and in the alternative to recover back the royalties $11,070.00 paid Smith.

Plaintiff, by separate suit, also sued Winifred Smith, Devisee, and widow of Smith, for royalties paid her on her demand after Smith's death which amounted to $2,265.10. By agreement both suits were tried together and the jury returned a verdict against Smith's Estate for $10,680.80 and against Winifred Smith for $2,288.00. These were the exact amounts which counsel for the parties agreed had been paid by the plaintiff to decedent Smith and to Winifred Smith. The defendants filed motions for new trial and for judgment n.o.v. The motions for new trial were subsequently withdrawn. The court below refused to set aside the verdicts non obstante veredicto and entered judgment on the verdicts from which we have this appeal.

The complaint in this case pleaded two alternative causes of action: The first was in the nature of deceit and charged that the defendants' decedent had falsely and fraudulently misrepresented that he had the right to remove the coal in the Commonwealth's land and directed plaintiff to remove it. The other claim was pleaded in the alternative and based on the right to recover back royalties paid in the mistaken belief of both plaintiff and defendants' decedent that the latter owned the right to remove the coal from Commonwealth's land. The Pennsylvania Rules of Civil Procedure Nos. 1020 (c) and 1021 permit causes of action and defenses to be pleaded and relief to be had in the alternative.

The jury under proper instructions from the learned trial judge in effect found that there had been no false. and fraudulent misrepresentation by the. defendants' decedent and rejected the plaintiff's claim on this cause of action for damages in the sum of $21,481.80 paid to Commonwealth. However, by the verdicts in favor of the plaintiff for royalties actually paid to the decedent and his wife, it was found the payments were made under mistake of fact.

The appellants now contend this issue should not have been submitted to the jury because the evidence even though taken as true established at the most a mistake of law, not of fact, and monies so paid could not be recovered back. ". . . a 'mistake of fact' means any mistake except a mistake of law. A 'mistake of law' means a mistake as to the legal consequences of an assumed state of facts." Restatement, Restitution, Section 7. For example had the decedent here produced to the plaintiff a document which he incorrectly interpreted as conveying the right to remove coal, that would have been a mistake of law, the assumed fact being the document, the mistake being in its interpretation. But here the representation of the defendants' decedent that he owned the right to remove the coal from the commonwealth's land was clearly a representation of the fact of ownership just as much as the representation in *McKibben v. Doyle*, 173 Pa. 579, 34 A. 455 (1896), where the defendant claimed ownership of a whole party wall which representation led the plaintiff to pay compensation for the use which this court permitted to be recovered back. Nor is it any defense to such action that plaintiff might have discovered otherwise had he pursued an independent investigation of records, or availed himself of media of knowledge at hand. He had a right to rely on the positive statement of ownership by the decedent, and having done so, the defendants cannot assert that plain-

tiff should not have believed him: *Kunkel v. Kunkel,* 267 Pa. 163, 110 A. 73 (1920) ; *Potter v. Lehigh Valley R. R. Co.,* 80 Pa. Superior Ct. 237 (1922).

Judgments affirmed.