## AAA TRUCKING CORPORATION

### v.

## TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY

### and

### Teamsters Health and Welfare Fund of Philadelphia and Vicinity.

### Civ. A. No. 78–1723.

United States District Court,
E. D. Pennsylvania,
Civil Division.

Oct. 30, 1979.

Herbert Burstein, Zelby, Burstein, Hartman & Burstein, New York City, Richard Rueda, Philadelphia, Pa., for plaintiff.

Thomas W. Jennings, Sagot & Jennings, Philadelphia, Pa., for defendant.

### MEMORANDUM OF DECISION

McGLYNN, District Judge.

This is an action brought by plaintiff, AAA Trucking Corporation (AAA), against defendants Teamsters Pension Trust Funds and Health and Welfare Fund of Philadelphia and Vicinity (Funds), seeking a declaration of plaintiff's rights to excess contributions remitted by it to defendants from January 1970 to August 1977.

Briefly summarized the undisputed facts are as follows:

AAA is an interstate motor carrier which, for a number of years, has been a party to collective bargaining agreements with various local affiliates of the International Brotherhood of Teamsters. Under the terms of those agreements, AAA is required to make monthly contributions to provide health, welfare and pension benefits for its employees who are union members. During the period from January 1970 to August 1977, AAA contributed to the Funds for days on which the employees covered by the Agreements did not work, but for which they were paid, i. e., holidays and vacations. The Funds and the Union agree that these contributions were not required by the agreements. This error resulted in the overpayment of $37,144.93.

Notice of the overpayments was given by AAA to the administrator of the Funds on August 23, 1977 and demand was made for the return of all excess contributions. In response, the Funds advised that there may be a question as to the propriety of refunding the excess monies to AAA or allowing a credit to be taken against future contributions to the Funds.

On May 23, 1978, plaintiff instituted this action seeking a return of the excess contributions, contending that the payments were made under a mistake of fact, that is, a computer programming error. Defendants, on the other hand, take the position that there is no obligation to make a refund or allow a credit because the payments were made under a mistake of law, that is, AAA mistakenly assumed it was legally bound by the terms of the contract to make contributions on the basis of hours credited for holiday and vacation pay.

Plaintiff offered the testimony of a payroll clerk and its Vice-President and Comptroller to establish that the contributions were based upon the total hours shown on the time cards, which included hours posted for paid vacations and holidays. This data was simply fed into computers which were programmed to make the health, welfare and pension benefits calculations.

The payroll clerk's job was entirely ministerial. He had no responsibility for examining or interpreting the labor contracts. Nevertheless, it was the payroll clerk who discovered the error when he read, in March 1977, a letter from a Trucking Association describing the wage rates and the manner of computing contributions. He brought this to the attention of his supervisor who immediately ordered the necessary adjustments to eliminate contributions based upon hours credited for holiday and vacation pay.

The difficulty here is that the evidence is inconclusive. We still do not know what caused AAA to calculate the payments as it did. There was certainly no clerical error, and the most logical explanation is that at the time the initial contributions were made, the controller, or person responsible for setting up the accounting procedures, incorrectly assumed that contributions would be made on the basis of total hours credited rather than hours worked. This assumption, in turn, would have to be based upon plaintiff's understanding of its obligations under the collective bargaining agreement, a mistake of law. *Betta v. Smith*, 368 Pa. 33, 36, 81 A.2d 538 (1951).

This is consistent with paragraph 14 of the stipulation of facts that "the excess contributions to the Health and Welfare and Pension Funds resulted from plaintiff's misunderstanding of the contribution requirements contained in the collective bargaining agreements. . . ." Even though plaintiff later repudiated this paragraph, the evidence which it offered in lieu thereof proved nothing more.

Thus, plaintiff has not persuaded me that the excess contributions were founded on a "misunderstanding" of fact as distinguished from a "misunderstanding" of law.

Under the law of Pennsylvania, plaintiff is entitled to restitution of pre-ERISA overpayments only if they were the result of a mistake of fact. In *Sellers & Company v. Clarke-Harrison Inc.*, 354 Pa. 109, 113, 46 A.2d 497, 499 (1946), the court stated:

"Money deliberately and voluntarily paid under a contract, with knowledge or means of knowledge of the material facts and without fraud or duress, even though

paid under a mistake of law as to the interpretation of a contract cannot be recovered back."

Cf. Restatement, Restitution § 45. Post-ERISA overpayments are governed by ERISA § 403(c)(2)(A) (29 U.S.C. § 1103(c)(2)(A)), which provides:

"In the case of a contribution which is made by a *mistake of fact*, paragraph (1) shall not prohibit the return of such contribution to the employer within one year after the payment of the contribution." (emphasis supplied).

Thus, under ERISA, there is a limited right of recovery, but only if the overpayments resulted from a mistake of fact.

The plaintiff has failed to sustain its burden of proving that it is entitled to a refund or credit for the amount of the overpayments made to the Funds.

Accordingly, the defendants are entitled to judgment.