J-A16028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MID-STATE CONSTRUCTION, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE RITCHEY | |
| Appellant | No. 1428 WDA 2013 |

Appeal from the Judgment Entered August 19, 2013
In the Court of Common Pleas of Blair County
Civil Division at No(s): No. 2010 GN 288

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                     **FILED OCTOBER 10, 2014**

Mid-State Construction, Inc. (Mid-State) appeals from the judgment entered in the Court of Common Pleas of Blair County ordering Jamie Ritchey (Ritchey) to reimburse Mid-State $28,000.00. Mid-State sought damages of approximately $74,000.00 from Ritchey, representing the cost of labor and materials used by Ritchey to improve his home.  That sum was comprised of approximately $28,000.00 in materials from Mid-State, approximately $29,500.00 in labor, and $16,583.73 in materials purchased from third-party vendors.   In this timely appeal, Mid-State claims the trial court abused its discretion and/or committed an error of law by failing to order Ritchey to reimburse Mid-State the $16,583.73 for building materials purchased by Ritchie, using Mid-State's corporate account, from third-party vendors.   After a thorough review of the submissions by the parties, the

certified record, and relevant law, we agree with Mid-State. Accordingly, we reverse and remand to the trial court for entry of an amended judgment.

Large portions of the relevant underlying facts of this matter are not in dispute. At all times relevant to this matter, Ritchey was the vice-president of Mid-State. Mid-State is a general contractor company owned by Robert Stangl. During a slow period of work, Ritchey sought and obtained permission to use Mid-State personnel and materials and accounts to renovate a home he had purchased. Ritchey eventually used labor and materials in excess of $74,000.00 in value. The dispute in this matter concerned how much, if any amount, Ritchey was obliged to repay. Mid-State argued there was an oral contract for Ritchey to repay the entire amount, which represented Mid-State's cost for labor and materials. In the alternate, Mid-State also claimed Ritchey owed repayment based on unjust enrichment. Ritchey argued the entire $74,000.00 in labor and materials was part of a bonus given to him for his years of service to the company.

Following a non-jury trial, the judge found there was no meeting of the minds and no oral contract existed to repay the sums expended to renovate Ritchey's home. However, the judge determined that based on unjust enrichment, Mid-State was entitled to repayment of the $28,000.00 in materials from Mid-State's inventory and used by Ritchey, but found a

mutual benefit to both Ritchey and Mid-State for the labor costs.[1] In his supplemental opinion dated August 19, 2013, the judge specifically determined that the additional $16,853.73 in materials obtained by Ritchey from third-party vendors also represented a mutual benefit because it enabled Mid-State to maintain its business relationship with the suppliers during a slow period. *See* Opinion and Order, 8/19/2013, at 1. Accordingly, no award was made regarding either labor costs or the cost of materials obtained from the third-party vendors.

Post-trial motions were denied, and this appeal followed.[2] Mid-State is now arguing the certified record does not support the judge's findings regarding the third-party vendors.

In reviewing matters such as this, "we have stated that our standard of review of a decree in equity is particularly limited and that such a decree will not be disturbed unless it is unsupported by the evidence or

_____

[1] "Unjust enrichment is the retention of a benefit conferred by another, without offering compensation, in circumstances where compensations is reasonably expected, and for which the beneficiary must make restitution. An action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law." **Roethlein v. Portnoff Law Associates, Ltd.**, 81 A.3d 816, 825 n.8 (Pa. Super. 2013) (citations omitted).

[2] Judgment was originally entered on July 24, 2013. The August 19, 2013 order denying post-trial motions reaffirmed the prior order, thereby reentering judgment, making the August 19, 2013 order final and appealable. Mid-State is not appealing the failure to award damages for labor costs.

demonstrably capricious." ***Mid-Penn v. Farhat***, 74 A.3d 149, 153 (Pa. Super. 2013).

In its Pa.R.A.P. 1925(a) opinion, the trial court stated:

We will not award [Mid-State] the additional $16,853.73 of materials that were paid to third parties relative to the renovation project. During the time of trial, both Mid-State's President, Robert Stangl, and the Defendant, Jamie Ritchey, testified that when they discussed the renovation project for the 1425 16th Avenue property, that business was slow for Mid-State. Therefore, in obtaining materials from these third party suppliers (Eckels Plumbing & Heating, Inc.; Extreme Construction; Carpet Depot; and Jason Beam), Mid-State was able to maintain its business relationship with each of said suppliers. As we set forth in our original Opinion, this renovation project occurred during a slow business period for Mid-State. Therefore, we once again find a mutual benefit to both parties herein.

Trial Court Opinion, 8/19/2013, at 1.

Although the trial court correctly recounts the testimony of Stangl and Ritchey that business was slow, there was no testimony at all that Mid-State's business relationship with the suppliers was in any way harmed by the slowdown in business. Similarly, there is dearth of evidence that Mid-State's relationship with its suppliers was in any way bettered by the relevant transactions.

Case law does not provide a specific definition of the term "mutual benefit". Rather, it is defined through context. Here, in the context of determining the equities pertaining to unjust enrichment, we believe a

- 4 -

"mutual benefit" should provide at least a rough equivalence of benefits to the parties involved.[3]   There is no indication in either the certified record or in the trial court opinion how the more than $16,000.00 in materials provided to Ritchey was in any way roughly equivalent to the stated intangible benefit to Mid-State for continuing to do business with three suppliers.   Therefore, there is no factual basis for a finding of a mutual benefit in this instance.

Accordingly, the trial court's conclusion that Mid-State and Ritchey received a mutual benefit is unsupported by fact.   Because this aspect of the decision is unsupported by the evidence, we are required to reject the trial court's determination in this regard.   ***See Mid-Penn v. Farhat***, ***supra***.

The trial court further opined that if it awarded Mid-State the $16,853.73 in material costs,

> such would make the total judgment award $44,853.73.   This amount would be in excess of the increase in value of the subject property from the date Mr. Ritchey acquired the property in 2003 (for $40,000), until he sold the property in January 2012 (for $84,000). [Defendant Exhibit 2].   To award Mid-State a judgment amount in excess of the increase in value would amount to a windfall to Mid-State.

***Id***. at 2.

---

[3] Parties can undeniably voluntarily contract to one-sided terms, however, because unjust enrichment is quasi-contractual, we do not believe the courts should infer and impose one-sided terms.   Therefore, "rough equivalence" appears appropriate.

"Windfall" is not defined in Black's Law Dictionary and, similar to "mutual benefit", is only defined by case law in context. Relevant to this appeal, a windfall is the product of unjust enrichment. **See Sevast v. Kakouras**, 915 A.2d 1147 (Pa. 2007); **Wilson Area School Dist. v. Skepton**, 895 A.2d 1250 (Pa. 2006).

However, windfall it is defined in general dictionaries. A windfall is a "sudden, unexpected piece of good fortune or personal gain," as defined in the *American Heritage Dictionary of English Language*, Fourth Ed., Houghton Mifflin Co., 2000. Similarly, it is a "piece of unexpected good fortune, especially financial gain," pursuant to the *Collins English Dictionary Complete and Unabridged*, HarperCollins, 2003. Because no benefit was conferred upon Mid-State by its paying $16,853.73 to third-party vendors on Ritchey's behalf, Mid-State was not unjustly enriched and, therefore, repayment could not represent a resultant windfall.

Additionally, the certified record demonstrates no connection between Ritchey's profit taking on the sale of his home and Mid-State. The fact that Ritchey opted to sell his home, after he improved it at Mid-State's expense, for an amount less than the cost of the improvements, is not attributable to Mid-State. The certified record provides no explanation why Ritchey chose to sell the home when he did, nor the reasonableness of the price he obtained for it. Neither the trial court nor Ritchey has provided a reasonable nexus between Ritchey's unilateral decision to sell his home and Mid-States entitlement to reimbursement. Based on the foregoing, it is an error to

balance Ritchey's profits against Mid-State's expenditures. Accordingly, an award reimbursing Mid-State for the exact amount charged by Ritchey to Mid-State's account, to better Ritchey's real property, cannot be a windfall to Mid-State. At most, such an award merely returns Mid-State to the *status quo*.

Because the trial court erred both in determining the $16,853.73 at issue in this appeal represented a mutual benefit to Ritchey and Mid-State and that repayment of the money would represent a windfall to Mid-State we are compelled to reverse the trial court's ruling on this issue. Accordingly, Mid-State is entitled to the additional judgment it sought, constituting reimbursement for costs sustained in paying for materials obtained from Eckels Heating & Plumbing, Inc., Extreme Construction, Carpet Depot, and Jason Beam. Pursuant to the certified record, these costs total $16,853.73. Accordingly, the total award should be amended to $44,853.73.

Judgment vacated. This matter is remanded to the trial court for entry of a judgment consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2014