**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 15-2590

————————

In re: THOMAS SKINNER,
Debtor

WILLIAM SKINNER,
Appellant

v.

THOMAS SKINNER; ANNA SKINNER

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-14-cv-06697
District Judge: Honorable Michael M. Baylson

————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 29, 2016

Before: SMITH, HARDIMAN, and SLOVITER, *Circuit Judges*

(Opinion Filed: March 4, 2016)

————————

OPINION*

————————

SMITH, *Circuit Judge.*

Thomas Skinner and his wife, Anna Skinner, allegedly misappropriated the funds

of Dorothy Skinner, Thomas' mother.[1]  They also placed her in Saint Joseph's Manor, an

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does

assisted living facility, and proceeded to misappropriate the insurance funds that were intended to pay for Dorothy's care. As a result of her non-payment, Dorothy was evicted with an outstanding balance of $25,049.69, plus interest and fees. Saint Joseph's Manor filed a lawsuit in the Court of Common Pleas of Montgomery County against Dorothy Skinner, Thomas Skinner, and William Skinner, the appellant in this case and Thomas' brother. Saint Joseph's Manor seeks to recover Dorothy's outstanding balance under a theory of unjust enrichment and the Pennsylvania Support Law, 23 Pa. Cons. Stat. § 4601, *et seq.*, which obligates the children of an indigent person to care for or financially assist that person. The litigation against William and Dorothy is ongoing, and a default judgment was entered against Thomas in the amount of $32,225.56.

Thomas subsequently filed for protection under Chapter 7 of the Bankruptcy Code, and William filed a bankruptcy complaint claiming that Thomas has a non-dischargeable obligation to reimburse him for any liability that he may owe Saint Joseph's Manor. The Bankruptcy Court dismissed his complaint for lack of standing to challenge the dischargeability of Thomas' debts, and the District Court affirmed. This timely appeal follows.[2]

---

not constitute binding precedent.

[1] This case comes before us on an appeal granting a motion to dismiss the amended complaint. Thus, we must assume that all of the facts alleged in the complaint are true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] We have appellate jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The District Court had jurisdiction over the Bankruptcy Court's dismissal order pursuant to 28 U.S.C. §§ 158(a)(1) & 1334(a). "Because the District Court sat

2

On appeal, William argues that he has valid claims that are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4) & (a)(6). He also argues that he has a valid claim under the Pennsylvania Uniform Fraudulent Transfer Act ("UFTA"), 12 Pa. Cons. Stat. Ann. § 5101, *et seq*.

While section 523 provides that certain claims are non-dischargeable, William ignores the essential prerequisite that only a party to whom a claim is owed may seek to make its claim non-dischargeable under section 523. *Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998). A "claim" under the Bankruptcy Code "is usually referring to a right to payment recognized under state law." *Travelers Cas. & Surety Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 451 (2007); *see also* 11 U.S.C. § 101(5)(A) (defining a claim as a "right to payment"). Thus, only a party that has a valid claim under non-bankruptcy law has standing to challenge the dischargeability of that claim.

The only state law that William refers to on appeal in his discussion of subsections (a)(4) and (a)(6) is the Support Law, and he does so only in passing. To the extent that William relies on the Support Law on appeal, this argument is waived, because he explicitly argued in the District Court that Thomas and Anna were liable to him "not under Pennsylvania Support Law . . . but for restitution." App. 46; *see Gass v. Virgin Islands Tel. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002). Nonetheless, the District Court correctly concluded that the Pennsylvania Support Law does not provide the basis for

---

below as an appellate court, this Court conducts the same review of the Bankruptcy Court's order as did the District Court." *In re Telegroup, Inc.*, 281 F.3d 133, 136 (3d Cir. 2002). The relevant facts are undisputed, and because we are presented with a pure question of law, our review is *de novo*. *Id.*

William's claim against Thomas and Anna because there is no right of contribution or indemnification under the Support Law. Instead, if a child "desire[s] to share his support-burden, he [is] permitted to do so by joining those individuals in [the] case [against him]," and the court could then apportion liability amongst the various children. *Health Care & Ret. Corp. of Am. v. Pittas*, 46 A.3d 719, 723 (Pa. Super. Ct. 2012).

William also does not have a valid claim under the UFTA, which allows the creditor of a debtor to "avoid" any fraudulent transfers made by the debtor. UFTA § 5107(a). For purposes of the UFTA claim, William concedes that Dorothy, his mother, is the debtor, and he claims that Thomas and Anna are the transferees. While he argues that he is "[c]learly" a creditor of his mother because he has a claim against her under the UFTA and for unjust enrichment, we determine that it is clear that he is wrong. The UFTA does not make one a creditor; instead it serves as a tool for creditors to recover fraudulent transfers. *Id*; *see also Kraisinger v. Kraisinger*, 34 A.3d 168, 174-75 (Pa. Super. Ct. 2011). Moreover, an unjust enrichment claim would require that Dorothy be "unjustly enriched at the expense of" William, which she was not. *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006). Because William is not a creditor of Dorothy, the UFTA does not give him a valid claim. UFTA § 5107(a). Thus, because William does not have a valid claim against Thomas, he lacks standing to challenge the dischargeability of Thomas' debts.

Accordingly, we will affirm the judgment of the District Court.