**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2231
_____

ERNEST J. BERARDI, INDIVIDUALLY AND ON BEHALF OF A CLASS OF
SIMILARLY SITUATED PERSONS,
Appellant

v.

USAA GENERAL INDEMNITY COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-22-cv-00813)
U.S. District Judge: Honorable Michael M. Baylson
_____

No. 22-2232
_____

SAMANTHA SMITH, Individually and on behalf of a class of similarly situated persons,
Appellant

v.

USAA CASUALTY INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-22-cv-00832)
U.S. District Judge: Honorable Michael M. Baylson

_____

Nos. 22-2414, 22-2415, 22-2538, & 22-2557
_____

ISIAH A. JONES, III, individually and on behalf of a class of similarly situated persons

v.

GEICO CHOICE INSURANCE COMPANY
(D.C. No. 2-22-cv-00558)


MICHAEL PURCELL, JR, individually and on behalf of a class of similarly situated persons

v.

GEICO CASUALTY COMPANY
(D.C. No. 2-22-cv-00825)


ISIAH A. JONES, III, individually and on
behalf of a class of similarly situated persons,
            Appellant in Nos. 22-2414 & 22-2538

MICHAEL PURCELL, JR. individually and on
behalf of a class of similarly situated persons,
            Appellant in Nos. 22-2415 & 22-2557
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Nos. 2-22-cv-00558, 2-22-cv-00825)
U.S. District Judge:  Honorable Gene E. K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2023
_____

Before:  SHWARTZ, MONTGOMERY-REEVES, and ROTH, Circuit Judges.

_____

OPINION*

_____

**SHWARTZ**, Circuit Judge.

Plaintiffs Ernest Berardi, Samantha Smith, Isiah Jones, and Michael Purcell appeal orders dismissing their complaints alleging that their respective insurance providers charged them a premium for coverage that offered them no benefit. Because the District Courts properly concluded that Plaintiffs could benefit from the coverage for which they paid and Plaintiffs have not stated claims for unjust enrichment or violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"), we will affirm.

I

A

Section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") requires insurers to provide stacked coverage to those purchasing motor vehicle insurance. 75 Pa. Cons. Stat. § 1738(a);[1] Craley v. State Farm Fire & Cas. Co.,

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The MVFRL provides:

> When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an

895 A.2d 530, 539 (Pa. 2006). Stacked coverage allows an insured to combine coverage limits when he (a) has multiple vehicles insured under a single policy (intra-policy stacking) or (b) is an insured on two separate policies (inter-policy stacking). Craley, 895 A.2d at 533. The MVFRL requires that insurers give insureds the option to waive stacked coverage. 75 Pa. Cons. Stat. § 1738(b).

Plaintiffs purchased motor vehicle insurance from either USAA General Indemnity Company, USAA Casualty Company, GEICO Choice Insurance Company, or GEICO Casualty Insurance Company (collectively, "Defendants"). Although Plaintiffs are all single-vehicle owners who are not insureds on other household policies offering uninsured motorist or underinsured motorist coverage, they purchased an insurance policy with stacked uninsured motorist and underinsured motorist coverage.[2] Plaintiffs were told they could waive stacked coverage but declined to do so.

B

Plaintiffs filed four separate putative class actions asserting that, as single-vehicle owners with no other household policies, they cannot benefit from stacked coverage and therefore should not have to pay a premium for it. They claim that Defendants knew or

___

insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

75 Pa. Cons. Stat. § 1738(a).

[2] Uninsured motorist coverage applies when an insured "suffers injury or damage caused by a third-party tortfeasor who is uninsured," while underinsured motorist coverage applies "when a third-party tortfeasor injures or damages an insured and the tortfeasor lacks sufficient insurance coverage to compensate the insured in full." Gallagher v. GEICO Indem. Co., 201 A.3d 131, 132 n.1 (Pa. 2019).

4

should have known that Plaintiffs were single-vehicle owners with no other household policies but failed to advise them that they could not receive a benefit from stacked coverage. Based on these allegations, Plaintiffs assert the following causes of action and forms of relief: (1) return of premiums,[3] (2) unjust enrichment, (3) violations of the CPL, (4) fraud, (5) declaratory relief, and (6) injunctive relief.

Defendants moved to dismiss each complaint. The District Courts granted these motions, concluding Plaintiffs (1) could receive a benefit from stacked coverage, (2) did not state a claim for unjust enrichment because there was a contract between the parties, and (3) could not prevail on their fraud or CPL claims because they failed to allege that Defendants made any false material representations or engaged in any deceptive conduct. Berardi v. USAA Gen. Indem. Co., 606 F. Supp. 3d 158, 162-65 (E.D. Pa. 2022); Jones

---

[3] Plaintiffs describe their claim as seeking "return of premiums," Appellants' Br. at 71-73, but this is a remedy rather than a cause of action, Bouchon v. Citizen Care, Inc., 176 A.3d 244, 252 (Pa. Super. Ct. 2017) (explaining a cause of action for damages is not cognizable). Thus, as the District Court explained, Plaintiffs' claim is best construed as an assertion that the stacking provision provides an illusory benefit. Jones v. GEICO Choice Ins. Co., -- F. Supp. 3d --, No. CV 22-558, 2022 WL 2974909, at *3-6 (E.D. Pa. July 27, 2022. To prove that insurance coverage is illusory, a plaintiff must show that the provision offers "no effective protection." Ultimate Hearing Solutions II, LLC v. Twin City Fire Ins. Co., 513 F. Supp. 3d 549, 562 (E.D. Pa. 2021) (citations omitted).

v. GEICO Choice Ins. Co., -- F. Supp. 3d --, No. CV 22-558, 2022 WL 2974909, at *3-11 (E.D. Pa. July 27, 2022).[4]

Plaintiffs appeal.[5]

## II[6]

### A

We first consider whether Plaintiffs, as single-vehicle owners with no other household policies, can benefit from stacked motor vehicle insurance coverage. In In re Insurance Stacking Litig., 754 A.2d 702 (Pa. Super. Ct. 2000), single-vehicle policy holders asserted that insurance companies wrongly charged them increased premiums for stacked coverage because the coverage could only provide a benefit for policies covering multiple vehicles (i.e., intra-policy stacking). The trial court transferred the question to the Pennsylvania Insurance Commissioner, who concluded that the stacking premium was lawful because single-vehicle policy holders could benefit from inter-policy stacking

---

[4] In Jones, the District Court further explained that (1) because Plaintiffs could benefit from stacking, there was no need for declaratory relief, and (2) return of premiums and injunctive relief are not causes of action. 2022 WL 2974909, at *8-9.

[5] Plaintiffs do not present arguments concerning common law fraud or their requests for injunctive or declaratory relief, and thus those issues are not preserved. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

[6] The District Court had jurisdiction pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4. We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review of a district court's order granting a motion to dismiss for failure to state a claim. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We must determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (quotations and citation omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"in at least two situations":

> (1) where the insured is injured in his own vehicle insured with uninsured motorist coverage and is also covered as an insured under another policy providing uninsured motorist benefits, and (2) where the individual is injured in a vehicle other than his own insured vehicle and is an insured under the non-owned vehicle's policy, which also has uninsured motorist coverage (such as an employer's vehicle).

Craley, 895 A.2d at 537 (citing Leed v. Donegal Mutual Ins. Co., No. MS96-10-055 (Feb. 23, 1998)).

Plaintiffs contend that Generette v. Donegal Mutual Ins. Co., 957 A.2d 1180 (Pa. 2008), eliminated these stacking possibilities. Plaintiffs are incorrect. Generette simply clarified that stacking applies "only to 'insureds' as defined by Section 1702 [of the MVFRL], which does not include guest passengers." 957 A.2d at 1190; see also Vensko v. Encompass Home & Auto Ins. Co., No. 1316 WDA 2014, 2015 WL 6549225, at *3 (Pa. Super. Ct. Sept. 11, 2015) ("The decision in Generette changed the law by holding [that] waiver of stacked UIM coverage only applied to policies between statutorily defined insureds." (internal quotation marks and citation omitted)). Insureds under § 1702 include (1) named insureds on a motor vehicle policy and (2) a spouse, relative, or minor in the custody of the insured who resides in the household of the named insured. 75 Pa. Cons. Stat. § 1702.

While Generette narrowed the type of situations in which a single-vehicle insured can benefit from stacked coverage, it did not eliminate all possibilities. For example, Generette says nothing about the second scenario provided by the Insurance Commissioner, which involves a single-vehicle policy holder who is injured in his

7

employer's vehicle and is an insured under his employer's policy for that vehicle. This scenario is distinguishable from the situation in <u>Generette</u> because the policy holder is a named insured on his employer's policy, rather than a guest passenger.[7] Likewise, <u>Generette</u> does not foreclose stacking under the first scenario provided by the Insurance Commissioner if an insured in Plaintiffs' situation purchased a second policy for a car or motorcycle, or if a qualifying insured with a separate policy moved into their household. Stacked coverage would provide a benefit under those circumstances because Plaintiffs would be an insured under more than one household policy. Furthermore, Plaintiffs provide no support for their contention that the Insurance Commissioner's two examples are the only scenarios in which stacking benefits exist. <u>See</u> <u>Craley</u>, 895 A.2d at 537 (explaining the Insurance Commissioner stated there were "at least two" situations in which single-vehicle policy holders could benefit from stacking).

Plaintiffs assert that these hypothetical scenarios are inapplicable to them because none have been involved in an incident in their employer's vehicle, purchased another vehicle, or added another person to their household. Pennsylvania law, however, does not "require an insurer to explain every permutation possible from an insured's choice of coverage." <u>Kilmore v. Erie Ins. Co.</u>, 595 A.2d 623, 626-627 (Pa. Super. Ct. 1991). Instead, insureds have the "obligation to question [the] insurer at the time the insurance

---

[7] Plaintiffs incorrectly interpret <u>Generette</u> as holding that an insured can only benefit from inter-policy stacking if there is another qualifying household policy. Their interpretation ignores the possibility that an insured can also benefit from inter-policy stacking if he is a named insured on another policy, regardless of whether the holder of that policy resides in his household. <u>See</u> 75 Pa. Cons. Stat. § 1702 (providing that an "insured" is either a named insured or a qualifying household member).

contract is entered into as to the type of coverage desired and the ramifications arising therefrom," and to determine what coverage will best serve their needs. Id. at 627; see also Wisniski v. Brown & Brown Ins. Co., 906 A.2d 571, 579 n.6 (Pa Super. Ct. 2006) (stating that insureds have "the duty to inquire about the scope of insurance coverage" (internal quotations and citation omitted)). As discussed, insureds with a single vehicle and no other household policies can still benefit from stacking in certain situations, and Plaintiffs had the choice to waive stacking coverage if they believed these scenarios would be inapplicable to them.

For these reasons, Plaintiffs' argument that there are no possible benefits from stacked coverage for insureds with a single vehicle and no other household policies lacks merit, and thus they are not entitled to a return of premiums based upon a theory that the coverage was illusory.

B

Plaintiffs also cannot prevail on their unjust enrichment claim. Under Pennsylvania law, "the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract." Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250, 1254 (Pa. 2006). Here, Plaintiffs and Defendants have a contractual relationship. Although Plaintiffs argue that there is "no valid contract" because the stacking provision is "void ab initio," Appellants' Br. at 76, as discussed, the stacking provision is not void because the benefit it confers is not illusory. Thus, because insurance contracts govern Plaintiffs' claims, Plaintiffs cannot seek relief for unjust enrichment.

9

## C

Plaintiffs also fail to state a claim under the CPL. To assert a violation of the CPL, Plaintiffs must demonstrate, among other things, that they suffered a loss due to a method, act, or practice unlawful under the CPL. Gregg v. Ameriprise Fin., Inc., 245 A.3d 637, 646 (Pa. 2021); 73 Pa. Cons. Stat. § 201-9.2(a). Plaintiffs assert that Defendants engaged in the following unlawful practices under the CPL:

> (v) Representing that goods or services have . . . characteristics . . . [or] benefits . . . that they do not have . . . ;
> (vii) Representing that goods or services are of a particular standard, quality or grade . . . if they are of another; . . .
> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

73 Pa. Cons. Stat. § 201-2(4)(v), (vii), (xxi).

Plaintiffs' allegations do not establish that Defendants engaged in such acts. Defendants complied with the statutory stacking requirements and provided the coverage that the policies promised. As we have explained, there is nothing deceptive in providing such coverage to Plaintiffs because there are situations in which a single-vehicle owner with no other household policies at the time of purchase can benefit from stacked coverage. As a result, Plaintiffs have no basis for a CPL claim.

## III

For the foregoing reasons, we will affirm the order of the District Court dismissing the cases.[8]

---

[8] Because Pennsylvania law provides a clear answer to the questions in this case, there is no need to certify any question to the Pennsylvania Supreme Court. United

10

States v. DeFreitas, 29 F.4th 135, 141 (3d Cir. 2022).  We will therefore deny the
Plaintiffs' motion to certify.