J-A11031-21

2021 PA Super 139

DISCOVER BANK : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROGINA BOOKER :
:
Appellant : No. 772 WDA 2020

Appeal from the Judgment Entered August 12, 2020
In the Court of Common Pleas of Fayette County Civil Division at No(s):
1327 of 2018 G.D.

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

OPINION BY McCAFFERY, J.: **FILED:  July 7, 2021**

Rogina Booker (Booker) appeals from the judgment entered August 12, 2020 in the Court of Common Pleas of Fayette County in favor of Appellee Discover Bank (Discover) in the amount of $6,765.47 plus interest.  Booker alleges the trial court erred in accepting an exemplar agreement, in entering a judgment against the weight of the evidence, and in determining that Booker's conduct was tantamount to assent to the accuracy of monthly statements received from Discover.  Booker's Brief at 4.  We hold that the trial court correctly found the existence of a contract for use of a credit card despite Discover's submission of a subsequent agreement (rather than the original), and arrived at a just and reasonable estimate of the damages in calculating what Booker owes to Discover.  We affirm.

The trial court described the facts as follows:

In June of 2003, [Booker] applied for a credit card with [Discover, and] Discover issued Booker a credit card [which she

used] to make purchases. Each month, until Febr[u]ary 26, 2018, Discover mailed to Booker's residence address[ ] monthly credit card statements, which included the balance owed by Booker to Discover and the minimum payment Booker was obligated to pay to Discover. From May 17, 2006 to September of 2017, Booker made payments that were equal to or slightly greater than the minimum payment amount. Booker last made a payment in September of 2017 in the amount of $235. The statements from October of 2017 through February of 2018 show Booker failed to make any payment [during that period]. However, Booker made no objection about the statements she received from Discover. Discover produced Booker's cardholder application, some of Booker's credit card statements, some of the checks Booker sent to Discover as payment, and a 2010 updated credit card agreement [ ].

Trial Ct. Op., 6/5/20, at 1-2 (citations to record omitted).[1] On December 10, 2018, Discover filed for money damages against Booker, pressing claims of breach of contract, unjust enrichment, and breach of contract implied by law. *See id.* at 1, 4. The matter was sent to arbitration, where Discover was awarded $6,765.47 in damages. *Id.* at 1. Booker appealed the arbitration award to the Court of Common Pleas, which held a bench trial on January 16, 2020, culminating in a judgment in the same dollar amount, plus interest. *Id.* Because the trial court awarded the full amount sought under a breach theory, it did not address Discover's claims of unjust enrichment or breach of contract implied by law. *Id.* at 4.

First, Booker argues that the trial court erred in finding the existence of an express contract between the parties. Booker's Brief at 4, 14-16. Discover argues that the trial court's finding is amply supported by Discover's exhibits

_____

[1] Booker acknowledges having stipulated to the authenticity of documents offered by Discover. Booker's Brief at 11.

and Booker's stipulations thereto. Discover's Brief at 5. Discover points out that Booker used her Discover card for almost fifteen years, and stipulated so. *Id.*

When reviewing judgments via bench trial, we confine our review to:

a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*Kowalski v. TOA PA V, L.P.*, 206 A.3d 1148, 1159 (Pa. Super. 2019), *rearg. denied*, (May 22, 2019) (citation omitted). "Three elements are necessary to plead properly a cause of action for breach of contract: '[(1)] the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'" *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. 2000) (citation omitted). "[I]t is axiomatic that a contract may be manifest orally, in writing, or as an inference from the acts and conduct of the parties." *J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc.*, 792 A.2d 1269, 1272 (Pa. Super. 2002) (citation omitted). A party claiming breach must establish its elements by a preponderance of the evidence. *Snyder v. Gravell*, 666 A.2d 341, 343 (Pa. Super. 1995). The trial court cites the credit card application and the statements, which were

subject to Booker's stipulation, in support of its ruling that all three elements were present here.  Trial Ct. Op., 10/20/20, at 2.

Booker cites **Atlantic Credit & Fin., Inc. v. Giuliana**, 829 A.2d 340 (Pa. Super. 2003) in support of her argument that Discover failed to prove that the parties had a written agreement because Discover submitted the agreement that was operative when her account was in arrears, rather than the original agreement.  Booker's Brief at 16.  In **Atlantic Credit**, this Court vacated a default judgment secured by a debt buyer where the trial court denied a petition to open or strike the judgment filed twelve days after the default judgment was entered.  **Id.** at 341.  After concluding that the trial court abused its discretion in denying the petition, this Court examined the merits of the petition to reopen.  In doing so, this Court concluded that the claimant's verification provided pursuant to Pa.R.C.P. 1024(a) and (c) was substandard, and that the claimant had not complied with by Pa.R.C.P. 1019, as it "had failed to attach to the complaint **any writing evidencing any contract**" between the creditor and the defendant/appellant.  **Id.** at 344-345 (emphasis added).

Rule 1019(i) of the Pennsylvania Rules of Civil Procedure requires that where a

> claim or defense is based upon a writing, the pleader shall attach a **copy of the writing, or the material part thereof**, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. No. 1019(i) (emphasis added).  As stated *supra*, Booker stipulated to the authenticity of the statements submitted by Discover, stipulated that she had applied for, received, and used a Discover card, and stipulated that she had not disputed any statement received from Discover.  This is a very different situation from that posed by **Atlantic Credit**, where no documentary evidence satisfying Rule 1019(i) was submitted.[2]

We conclude that Booker's card application, in tandem with the updated agreement, supports the trial court's finding that the parties contracted for Booker's use of the card in accordance with Discover's terms and conditions for that use.  Booker's own behavior, in continuing to use the card and comply with its terms for so long, strongly evidences her active acquiescence to the contract's terms, which she accepted when she applied for the card.  Finding

---

[2] Booker argues that **Atlantic Credit** stands for the proposition that "for a plaintiff to prove a breach of contract in a credit card default action, the creditor must present the original cardholder agreement."  Booker's Brief at 16.  We do not agree with this conclusion.  Rather, this Court said, "We find that the failure to attach the writings which assertedly establish appellee's right to a judgment against appellants in the amount of $17,496.27, based on an alleged debt it allegedly purchased for substantially less than $9,644.66, is fatal to the claims set forth in appellee's complaint."  **Atlantic Credit**, 829 A.2d at 345.  Booker also, properly, acknowledges **Discover Bank v. Stucka**, 33 A.3d 82, 87 (Pa. Super. 2011) ("The Bank averred that a copy of the application submitted by the Stuckas was not available due to the age of their account, [but it] alleged that it had attached a true and correct copy of the Cardmember Agreement . . ..").  We also disagree with Booker's argument that Discover has not accomplished here what it did in **Stucka**, as Discover has asserted that Booker was (and remains) bound by the 2010 agreement. **See** Booker's Brief at 16.

no error, we may not upset the trial court's determination that Booker breached her agreement with Discover.

Next, Booker argues that the trial court erred in calculating damages. Booker's Brief at 16-20. Booker asserts that "there is nothing in that 2010 agreement itself that provides a method or formula to calculate with any degree of accuracy how the amount of the verdict could be established." Booker's Brief at 16.

Claimants in Discover's position are not required to establish damages beyond any scintilla of doubt.

> The determination of damages is a factual question to be decided by the fact-finder. The fact-finder must assess the testimony, by weighing the evidence and determining its credibility, and by accepting or rejecting the estimates of the damages given by the witnesses. Although the fact-finder may not render a verdict based on sheer conjecture or guesswork, it may use a measure of speculation in estimating damages. The fact-finder may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable, inferential, as well as direct and positive proof.

*Judge Tech. Servs., Inc. v. Clancy*, 813 A.2d 879, 885 (Pa. Super. 2002) (citation omitted). The statements and other documentary evidence submitted by Discover amply support the trial court's damages determination, which we will not disturb.

Finally, Booker argues that the "account stated" theory of liability is inappropriate in this matter. Booker's Brief at 20-31. This argument goes beyond the scope of the present appeal, as the trial court did not rule on whether such a theory was established here, basing its decision on breach of

contract rather than determining whether Booker's actions established an account stated. Thus, any decision this Court rendered as to Booker's third argument would be merely advisory. Our courts have long observed a prudential limitation barring advisory opinions; *see, e.g., Gabel v. Cambruzzi*, 616 A.2d 1364, 1369 (Pa. 1992) (where appellate court is presented with underdeveloped and thus hypothetical controversy, it "will not break its tradition of refusing to author advisory opinions"). We will adhere to that tradition.

Because Booker's arguments do not provide a basis to upset the judgment below, we must affirm.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/7/2021</u>