J-S04017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY DIGUGLIELMO, ET AL. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER R. CAPEN, ET AL. | : | No. 1400 EDA 2021 |

Appeal from the Judgment Entered June 9, 2021
In the Court of Common Pleas of Montgomery County
Civil Division at 2017-22626

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 07, 2022**

Anthony DiGuglielmo (DiGuglielmo) and Abruzzi Stone and Flooring, LLC (Abruzzi) (collectively, Appellants), appeal the judgment of $33,696.00 entered against them and in favor of Christopher R. Capen (Capen), Charles T. Wambold (Wambold), and Wall to Wall Custom Design Management (Wall to Wall) (collectively, Defendants), in this breach of contract action.[1]  We affirm.

Defendant Wall to Wall is a Pennsylvania company in the business of general contracting, construction, remodeling and renovation of residential and commercial buildings.  **See** Trial Court Opinion, 10/14/21, at 3.  Capen

_____

* Former Justice specially assigned to the Superior Court.

[1] We have corrected the caption to include Abruzzi..

and Wambold are the co-owners and only employees of Wall to Wall. *Id.* In April 2017, a fabricator providing services to Wall to Wall introduced Wambold and Capen to Appellants. *Id.* "Originally, DiGuglielmo on behalf of Abruzzi agreed to fabricate and install granite countertops for Wall to Wall." *Id.* at 4. After Abruzzi completed the installation, Wambold, on behalf of Wall to Wall, sent more jobs to Abruzzi. *Id.*

As the relationship between Appellants and Defendants progressed, Capen and Wambold planned to rent office space at Abruzzi's building. *Id.* However, a fire damaged the Abruzzi building. *Id.* Several companies provided remediation services for smoke and water damage, including Wall to Wall and a company owned by Wambold, Wambold Cleaning. *Id.* The scope and cost of the work "was determined by an oral agreement between Capen, Wambold and DiGuglielmo." *Id.* at 5.

Problems subsequently developed relating to the documentation and payment of Appellants' invoices. *Id.* at 5-6. The trial court explained, "[b]eginning in May, as the number of jobs increased, so, too, did the amount of debt Wall to Wall owed to [Appellants]. Wambold testified that he and Capen specifically explained to DiGuglielmo that when Wall to Wall got paid, [Appellants] got paid." *Id.* at 6.

In June 2017, Appellants orally agreed to the continuous contract with Defendants. *Id.* at 7. As part of the contract, the parties signed a secured promissory note (promissory note) drafted by Appellants. *Id.* Under the

- 2 -

promissory note, Capen and Wambold agreed to pay DiGuglielmo the principal sum of $40,545.00, for outstanding labor and materials provided at all the job sites. *Id.* (citing Promissory Note, 6/14/17). The promissory note provided "time is of the essence," but did not include a due date for the payment. *Id.* (citing Promissory Note, 6/14/17, at 3, Section 8, Trial Exhibit P-3). The promissory note charged 1.5 percent (1.5%) interest and reasonable counsel fees. *Id.* (citing Promissory Note, 6/14/17 at Section 2, 10, Trial Exhibit P-3). The continuous contract and the invoices underlying the debt were not referenced in or attached to the promissory note. *Id.*

In June and July 2017, Defendants paid the invoices provided by Appellants and issued payments on the promissory note. *Id.* at 8-9. On July 6, 2017, Appellants sent two emails demanding that the outstanding balance be paid that day, or the account would go to collection. *Id.* at 9.

On September 15, 2017, Appellants filed a complaint against Defendants asserting causes of action for breach of contract, breach of the promissory note, violation of the Pennsylvania Contractor and Subcontractor Payment Act (CASPA),[2] and unjust enrichment. Appellants sought $43,794.00 plus interest, costs, and counsel fees. Appellants subsequently filed an amended complaint listing specific amounts due for work performed at seven job sites, totaling $43,794.00. Amended Complaint, 11/3/17, ¶¶ 13, 15, 18.

---

[2] *See* 73 P.S. §§ 501-516.

Defendants filed an answer and counterclaim. Answer and Counterclaim, 3/18/20. Defendants asserted Appellants had "failed to meet required deadlines per the construction schedule as well as provide industry standard quality control of the installation and materials." *Id.* ¶ 21. Defendants challenged the amounts claimed by Appellants and alleged Appellants "used unsound accounting practices." *Id.* ¶ 22. Defendants also asserted the defense of payment. *See id.* ¶¶ 64-72. Defendants' counterclaim averred (1) Appellants failed to pay Wall to Wall for fire remediation work; (2) Appellants were unjustly enriched by Wall to Wall's remediation work; and (3) Wall to Wall incurred financial sanctions resulting from delays caused by Appellants' deficient work and materials. *See generally*, *id.* ¶¶ 90-114.

The matter proceeded to a bench trial, after which the trial court entered verdicts against Appellants on all of their causes of action. Decision, 3/18/21, ¶¶ 98, 109, 116, 122, 129. The trial court also found against Defendants on their counterclaim for breach of contract. *Id.* ¶ 116. However, the trial court awarded Defendants $33,696.00 on their counterclaim for unjust enrichment. *Id.* ¶¶ 135-36. The trial court denied all claims for counsel fees. *Id.* ¶ 136.

Appellants timely filed post-trial motions for a new trial and judgment notwithstanding the verdict. Post-Trial Motions, 3/19/21. On June 9, 2021, the trial court entered an order denying Appellants' post-trial motions. Appellants timely appealed. Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants present the following issues for our review:

1. Whether the trial court abused its discretion and made an error of law concluding that the verdict was not contrary to the evidence presented at trial in connection with plaintiff Anthony DiGuglielmo's breach of contract claim set forth against defendants Christopher R. Capen and Charles T. Wambold appearing in Counts I and II of the plaintiffs' Amended Complaint?

2. Whether the trial court abused its discretion and made an error of law concluding that the verdict was not contrary to the evidence presented at trial in connection with plaintiff Abruzzi Stone & Flooring, LLC's breach of contract claim set forth against defendant Wall to Wall Custom Design Management appearing in Count III of the plaintiffs' Amended Complaint?

3. Whether the trial court abused its discretion and made an error of law concluding that the verdict was not contrary to the evidence presented at trial in connection with plaintiff Abruzzi Stone & Flooring, LLC's unjust enrichment claim set forth against defendant Wall to Wall Custom Design Management appearing in Count V of the plaintiffs' Amended Complaint?

4. Whether the trial court abused its discretion and made an error of law concluding that the verdict was not contrary to the evidence presented at trial in connection with plaintiff Abruzzi Stone & Flooring, LLC's claim that defendant Wall to Wall Custom Design Management violated Section 507 of the Pennsylvania Contractor and Subcontractor Payment Act, 73 P. S. § 501, et seq. appearing in Count IV of the plaintiffs' Amended Complaint?

5. Whether the trial court abused its discretion and made an error of law concluding that the verdict was not contrary to the evidence presented at trial in connection with defendant Wall to Wall Custom Design Management's counterclaim asserted against plaintiff, Abruzzi Stone & Flooring, LLC, and entering judgment in favor of defendant Wall to Wall Custom Design Management and against plaintiff, Abruzzi Stone & Flooring, LLC in the amount equal to $33,696.00?

Appellants' Brief at 4-5 (issues renumbered).[3]

> Our standard of review in non-jury cases is limited to:
>
> a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion....

*Kowalski v. TOA PA V, L.P.*, 206 A.3d 1148, 1159 (Pa. Super. 2019) (citation omitted). This Court respects a trial court's findings regarding credibility and weight of the evidence "unless the appellant can show that the court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence." *Id.* at 1160 (citation omitted).

Appellants challenge the weight of the evidence.[4] *See* Appellants' Brief at 4-5.

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial

---

[3] Although Appellants' statement of questions lists five issues, their argument section sets forth one issue, comprised of *13* subsections, in contravention of Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]").

[4] The trial court correctly concluded Appellants waived any challenge to the sufficiency of the evidence by failing to present a motion for a directed verdict. *See* Trial Court Opinion, 10/14/21, at 21; *see also Wag-Myr Woodlands Homeowners Assoc. by Morgan v. Guiswite*, 197 A.3d 1243, 1250 n.10 (Pa. Super. 2018) ("to preserve the right to request judgment notwithstanding the verdict (JNOV), a party must first … move for a directed verdict or compulsory non-suit.").

judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*In re Estate of Smaling*, 80 A.3d 485, 490 (Pa. Super. 2013) (citation omitted).

We address Appellants' first and second issues together. Appellants claim the verdicts are against the weight of the evidence as to their breach of contracts actions. Appellants' Brief at 4. Appellants argue that, at the time they executed the promissory note, Defendants owed Appellants $40,545.00, the amount reflected in the promissory note. *Id.* at 17. Appellants claim the promissory note "serves as an admission by [Defendants] and convincing proof that a principal outstanding debt structure equal to $40,545.00 was accrued by [Defendants] … and remained unpaid." *Id.*

Appellants also argue Defendants owe $1,514.00 for Invoice # 062317AA, and $1,549.00 for Invoice # 062317B. *Id.* at 19. Appellants therefore claim an aggregate unpaid debt of $43,608.00 based on the invoices and promissory note. *Id.* In addition, Appellants assert Defendants owe $10,018.86 in interest on the unpaid debt, resulting in a balance due of $53,626.86. *Id.* at 20. Appellants acknowledge Defendants' payments through Wall to Wall check numbers 1067 ($3,900.00), 1072 ($7,617.00), and 1076 ($9,156.00). *Id.* at 22-24. As a result, Appellants claim a reduced

unpaid balance due of $32,953.86. **Id.** at 24. Appellants rely on admissions by Capen and Wambold that the invoices presented at trial represented "a request for the payment for services performed and materials supplied" by Appellants to Defendants. **Id.** at 25.

As this Court has explained:

> "Three elements are necessary to plead properly a cause of action for breach of contract: '[(1)] the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'" **Williams v. Nationwide Mut. Ins. Co.**, 750 A.2d 881, 884 (Pa. Super. 2000) (citation omitted). … A party claiming breach must establish its elements by a preponderance of the evidence. **Snyder v. Gravell**, 446 Pa. Super. 124, 666 A.2d 341, 343 (Pa. Super. 1995).

**Discover Bank v. Booker**, 259 A.3d 493, 495-96 (Pa. Super. 2021).

Instantly, the trial court rejected Appellants' breach of contract claims, finding:

> On June 22, 2017, Wall to Wall submitted check number 1068 to DiGuglielmo in the amount of $8,057.00, dated June 23, 2017, and referencing … invoice numbers 060217AA and 060117AC. ([N.T., 12/10/20], at 40, 205; … Trial Exhibit P-26). Although Capen and Wambold asked DiGuglielmo to hold the postdated check for one day, Abruzzi presented the check for payment that same day, resulting in Wall to Wall having insufficient funds in their bank account to cover the check. (**Id.** at 40, 44, 45, 169-70 …).
>
> When DiGuglielmo summoned Capen and Wambold to complain about the bounced check, Capen and Wambold drove to a TD Bank … to withdraw $8,057.00 and $6,500.00 in cash, … and paid DiGuglielmo in cash. ([**Id.**] at 125, 170-171; bank Withdrawal Receipt, … Trial Exhibits D-3, D-6). DiGuglielmo denied receiving cash from Capen or Wambold. (N.T., at 217-18).

Trial Court Opinion, 10/14/21, at 8-9. The trial court's findings are supported in the record.

The trial court further found Appellants applied Defendants' payment of $20,673 (check numbers 1067, 1072, and 1076) to the amount owed under the promissory note. Trial Court Opinion, 10/14/21, at 9 (citing N.T., 12/10/20, at 45-46; Trial Exhibits P-25, P-28, P-29). Notwithstanding, Appellants "presented duplicate invoices for different work with different amounts due, which DiGuglielmo could not explain." *Id.*; *see also* N.T., 10/12/20, at 42-43. The trial court observed that DiGuglielmo's wife endorsed Defendants' check number 1066 ($1,400.00), dated June 15, 2017. *Id.* at 9 (citing N.T., 12/10/20, at 38-39, 180; Trial Exhibits D-6, P-24). DiGuglielmo could not explain where the $1,400.00 was allocated. *Id.* (citing N.T., 12/10/20, at 38-39, 180).

The record confirms that, in separate emails dated January 6, 2017, Appellants claimed an outstanding balance of $41,903.00 and $44,903.00, respectively. N.T., 12/10/22, at 104, 106, 109, 113; Trial Exhibits D-1, D-2. However, the trial court observed, "[t]he payments by [Defendants'] checks to [Appellants] totaling $20,673.00 and the check for $1,400.00 payable to cash had been made on or before July 6, 2017, the day of the email exchanges." Trial Court Opinion, 10/14/21, at 10. Although Capen and Wambold requested clarification of the invoices or updated invoices, Appellants failed to respond. *Id.* The trial court credited the testimony of

- 9 -

Capen and Wambold regarding their multiple requests for clarifications and updated invoices, finding that "DiGuglielmo refused to provide either." N.T., 12/10/22, ¶ 107.

Ultimately, the trial court found no breach of contract by Defendants because Defendants "timely submitted checks and, on occasion, cash, to satisfy the invoices presented to them" by Appellants. *Id.* ¶ 106. As the trial court explained:

> The evidence showed that Capen and Wambold had paid the invoices provided by Abruzzi in full with Wall to Wall checks or cash with limited exception and had requested clarification or were waiting for updated invoices for those few invoices not paid in full.
>
> Assuming, *arguendo*, that [Defendants] owed approximately $40,545.00 on June 15, 2017, the evidence presented at trial demonstrates by DiGuglielmo's admission that three (3) payments had been made before filing the complaint as follows:
>
> Payment of $39,000.00 on June 20, 2017
> Payment of $7,617.00 on June 28, 2017
> Payment of $9,156.00 on July 7, 2017
>
> Additionally, Defendants presented evidence of the following payments at trial:

| Invoice No. | Amount | Check No. | Payment | Date |
|---|---|---|---|---|
| 060117AC | $3,891.00 | Cash | $14,557.00 | 6/27/17 |
| 060217AA | 5,212.00 | | | |
| 060217AA | 5,611.00 | | | |
| 060117AH | 1,668.00 | 1072 | 1,668.00 | 6/28/17 |
| 060117AE | 4,370.00 | 1060 | 4,370.00 | 6/28/22 |
| 060117AF | 1,278.00 | 1060 | 1,278.00 | 6/28/22 |
| 062317AA | 1,514.00 | 1066 [FN1] | 1,400.00 | 6/28/22 |
| 062317AB | 1,519.00 | n/a [FN2] | | |

| 060117AI | 2,525.00 | 1060 [FN3] | 1,371.00 | |
|---|---|---|---|---|

**TOTAL       27,546.00              24,644.00**

Because [Defendants] had paid the amounts invoiced as detailed in the parties' pleadings in a timely manner, [Defendants] did not breach the promissory note.

The evidence presented demonstrates that [Defendants] had already issued payment for the amounts sought in [Appellants'] complaint and amended complaint before the first complaint was filed on September 15, 2017.

---

[FN1] This amount was a deposit with the expectation that [Appellants] would generate an invoice after installation. [Appellants'] invoice generated after installation did not account for the $1,400 deposit check made out to cash.

[FN2] Invoice dated July 3, 2017, was disputed; clarification requested but not received.

[FN3] Invoice total was disputed; clarification requested but not received.

Trial Court Opinion, 10/14/21, at 16 (footnotes in original).  The above findings support the trial court's determination that Defendants did not breach the continuing contract.  ***See id.***

We are not "empowered to merely substitute [our] opinion concerning the weight of the evidence for that of the trial judge[.]"  ***Zeffiro v. Gillen***, 788 A.2d 1009, 1012 (Pa. Super. 2001) (citation omitted).  Because the trial court's findings are not "manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence," ***Gemini Equipment Co. v. Pennsy***

*Supply, Inc.*, 595 A.2d 1211, 1215 (Pa. Super. 1991), we cannot grant Appellants relief on their first two issues.

In their third issue, Appellants challenge the trial court's verdict on their unjust enrichment claim. Appellants' Brief at 5. Appellants offer no support for their claim in the argument section of their brief, as required by Pa.R.A.P. 2119. Accordingly, this undeveloped issue is waived.[5] *See Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 96 (Pa. Super. 2007) (deeming an issue waived where appellant failed to identify any authority supporting its claim).

In their fourth issue, Appellants challenge the weight of the evidence underlying the trial court's rejection of their CASPA claim. Appellants' Brief at 4. Again, Appellants offer no legal argument. The issue is waived. *See Bombar*, *supra*.

Waiver notwithstanding, we recognize:

> Each of the various remedies afforded by the [CASPA] statute is subject to specified requirements of proof. Under Section 5, late payment may entitle a contractor to interest at a rate of 1% per month (an annual 12% interest rate), but only if the payment was made at least seven days after delivery of the invoice. 73 P.S. § 505; *see John B. Conomos, Inc. v. Sun Co., Inc. (R&M)*, 831 A.2d 696, 710 (Pa. Super. 2003), *appeal denied*, 577 Pa. 697, 845 A.2d 818 (Pa. 2004). Under Section 12(a), a claimant may recover an additional penalty of 1% per month (another 12% per year) if the payment was withheld wrongfully, but such

---

[5] The unjust enrichment claim lacks merit. Appellants' claims are premised on Defendants' nonpayment under the continuing contract and the promissory note. "[T]he doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract." *Wilson v. Parker*, 227 A.3d 343, 353 (Pa. Super. 2020) (citation omitted).

recovery requires a determination that the owner did not withhold payment in good faith. 73 P.S. § 512(a); *see, e.g., Waller Corp. v. Warren Plaza, Inc.*, 95 A.3d 313, 319 (Pa. Super. 2014); *Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880, 891 (Pa. Super. 2006), *appeal denied*, 599 Pa. 711, 962 A.2d 1197 (Pa. 2008). Under Section 12(b), the claimant may also recover attorneys' fees and expenses, but only if the claimant is a "substantially prevailing party in any proceeding to recover any payment under this act." 73 P.S. § 512(b); *see, e.g., Imperial Excavating & Paving, LLC v. Rizzetto Constr. Mgmt.*, 935 A.2d 557, 564 (Pa. Super. 2007); *Zavatchen v. RHF Holdings, Inc.*, 907 A.2d 607, 609 (Pa. Super. 2006), *appeal denied*, 591 Pa. 685, 917 A.2d 315 (Pa. 2007).

*United Envtl. Grp., Inc. v. GKK McKnight, Ltd. P'ship*, 176 A.3d 946, 960 (Pa. Super. 2017).

The record confirms Appellants failed to establish a breach of contract, wrongfully withheld payments, or that they "substantially prevailed" in their claims against Defendants. *See id.* Accordingly, the trial court properly exercised its discretion in rejecting Appellants' challenge to the weight of the evidence as to their CASPA claim. *See id.*

In their fifth issue, Appellants challenge the trial court's verdict in favor of Defendants on their counterclaim of unjust enrichment. Appellants' Brief at 26. Appellants claim they performed most of the fire remediation services themselves. *Id.* Appellants further allege that Defendants submitted inflated claims to Appellants' insurance underwriter. *Id.* at 27. According to Appellants, Defendants' inflated claims resulted in a 1.5-year delay "of the partial payment of insurance benefits," which negatively impacted Appellants' business from "walk-in" customers visiting their showroom. *Id.*

The trial court deemed the issue waived, based on Appellants' failure to raise it in post-trial motions. Trial Court Opinion, 10/14/21, at 27-28. The trial court reasoned:

> In Appellants' supplemental memorandum of law in support of their motion for post-trial relief fled on April 14, 2021, they raised for the first time, and without leave of court, an argument challenging the amount of this court's award on [Defendants'] counterclaim [for unjust enrichment]. Appellants do not contest the court's determination that an award on the counterclaim was appropriate. Appellants have waived this issue.

*Id.* We agree. *See Bensinger v. Univ. of Pittsburgh Med. Ctr.*, 98 A.3d 672, 685 (Pa. Super. 2014) (recognizing that inclusion of an issue in a brief in support of a post-trial motion is insufficient to preserve the issue under Pa.R.C.P. 227 (Post Trial Relief)). Because Appellants failed to timely raise this issue in their post-trial motion, it is waived. *See id.*

Judgment affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/7/2022*