J-A12032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| 10 ZELT STREET TRUST, WILL SANDERS TRUSTEE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PHILLIP W. GRAYSON | : | |
| Appellant | : | No. 698 WDA 2021 |

Appeal from the Judgment Entered May 17, 2021
In the Court of Common Pleas of Washington County Civil Division at
No(s): 2019-6201

BEFORE:     MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: JUNE 01, 2022**

In this ejectment action, Phillip W. Grayson (Appellant) appeals from

the judgment entered in the Washington County Court of Common Pleas in

favor of 10 Zelt Street Trust, Will Sanders Trustee (Appellee).  The trial court

denied relief on Appellant's counterclaim of unjust enrichment, where the

parties' relationship was founded upon a contract.[1]  We affirm.

Because we write for the trial court and parties, who are well familiar

with this case, we set forth only the facts and procedural history relevant to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See Wilson v. Parker***, 227 A.3d 343, 353 (Pa. Super. 2020) ("[T]he doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract.").

Appellant's narrow issue on appeal. The trial court summarized the following: Appellee is a trust, and William Sanders (Trustee) is its trustee. Appellee owns property at 10 Zelt Street in Washington, Pennsylvania, which consists of three parcels and includes a home.

> The property was offered for sale and in February of 2017, [Appellant] indicated he wished to purchase it. After negotiation, [Trustee and Appellant] agreed on the price of $220,000. On February 10, 2017, [Appellant] remitted a check for $100,000 as a down payment on the property.

Trial Ct. Op., 11/12/21, at 2 (citations to trial transcript omitted). Appellant and his family moved into the house around February of 2017 "and has remained there." *Id.* at 3.

On April 10, 2017, Trustee and Appellant "met to finalize the deal." Trial Ct. Op. at 2. Appellant paid Trustee a second deposit of $48,000 cash. On that same day, Trustee prepared a one-page, handwritten sale agreement, which stated, *inter alia*, that "[b]oth parties [a]gree to the following:" "All monie [sic] received from said sales agreement are non refundable[.] To close on or about May 31, 2017." 10 Zelt Street Sales Agreement, 4/10/17, Appellant's Trial Exh. B. However, closing was not conducted, "[n]o further payments were made and the deed was not transferred." Trial Ct. Op. at 2. It was not disputed that Appellee has not returned the deposit monies to Appellant. *See* N.T., Nonjury Trial, 11/23/20, at 9.

Subsequently, Appellee filed a breach of contract action against Appellant in the Washington County Court of Common Pleas, at trial docket

2017-5782. Trial Ct. Op. at 2. Appellant filed counterclaims asserting conversion, fraud, rescission, and a violation of real estate disclosure laws. *Id.* On July 17, 2019, the Honorable Daniel Howsare found the existence of a contract and Appellant's breach of the contract, and awarded $74,525 damages to Appellee.[2] However, the court found in favor of Appellant on his counter-claim of non-disclosure violations and awarded him $11,417.40 damages. *Id.*

Approximately three months later, on October 10, 2019, Appellee filed the instant complaint in ejectment against Appellant.[3] Appellant filed a counseled answer and counterclaim, asserting, *inter alia*: (1) it would be inequitable for Appellee to retain the $148,000 Appellant had paid toward the purchase of the property, where Trustee failed to disclose material defects in the property; and (2) Appellant had also expended more than $18,000 for improvements to the property. Trial Ct. Op. at 3. Appellant thus requested an equitable lien on the property in his favor. Appellant's Answer & Counter-claim, 12/16/19, at 5 (unpaginated).

---

[2] Judge Howsare's opinion was introduced at trial in the present matter and is included in the certified record. In this appeal, Appellant acknowledges he has not paid that judgment. Appellant's Brief at 15.

[3] Appellee initially obtained a default judgment in the amount of $134,050.40. Upon Appellant's subsequent petition, and following argument, the trial court struck the default judgment on November 26, 2019. *See* Trial Ct. Op. at 3.

This matter proceeded to a non-jury trial on November 23, 2020, where both Appellant and Trustee testified. Appellant did not dispute that Appellee owned the property nor that ejectment was warranted, but instead averred he was entitled to a full refund of the $148,000 he had remitted. Trial Ct. Op. at 3. Appellant also averred he was never provided a copy of the sales agreement, and that when he signed it, there was no provision that the monies received would be non-refundable, or that closing would be conducted on or about May 31, 2017.[4] *See id*. Meanwhile, Appellee sought possession of the property "and agreed to 'waive' any judgment from the prior lawsuit." *Id.*

On December 18, 2020, the trial court announced its verdict in favor of Appellee and granting it possession of the property. The court rejected

_____

[4] The trial court also observed the sale agreement presented by Appellee at trial was identical to the sale agreement attached to Appellee's complaint in the prior breach of contract lawsuit. In the prior action, Appellant raised no allegation that terms were added after signing, but instead, he averred "other terms were agreed upon [but were] not contained" in the agreement. Trial Ct. Op. at 5. However, Judge Howsare found the sale agreement, as presented by Appellee, was enforceable. *Id.* at 4.

At this juncture, we note Appellee initially filed a pre-trial motion for judgment on the pleadings, arguing Appellant's counter-claim was based on the same arguments raised in the prior breach of contract action, and thus barred from relitigation under the doctrines of *res judicata* and collateral estoppel. *See Garman v. Angino*, 230 A.3d 1246, 1255 (Pa. Super. 2020) ("While *res judicata* operates to preclude subsequent actions, collateral estoppel operates to preclude re-litigation of issues previously decided only."). The trial court denied Appellee's motion, reasoning the causes of action in each matter — breach of contract and ejectment — were not identical. Trial Ct. Op. & Order, 7/22/20, at 4.

Appellant's claim that new terms — including the provision that any paid deposits would not be refundable — were unilaterally added after the parties executed the agreement. *See* Trial Ct. Op. at 5. The court acknowledged Appellant "made a bad[, harsh] deal," but also observed, "Contracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains." Trial Ct. Op. at 6, *citing* **Simeone v. Simeone**, 581 A.2d 162, 165 (Pa. 1990).

The trial court also denied relief on Appellant's counterclaim of unjust enrichment, on the ground that an unjust enrichment claim cannot be asserted when a contract exists between the parties. Trial Ct. Op. at 7, *citing* **Wilson Area Sch. Dist. v. Skepton**, 895 A.2d 1250, 1254 (Pa. 2006).

Appellant filed a post-trial motion on January 5, 2021.[5] When the trial court did not rule on it after 120 days, Appellant praeciped for entry of judgment on May 17, 2021. **See** Pa.R.C.P. 227.4(1)(b) (prothonotary shall, upon praecipe of a party, enter judgment if a timely post-trial motion was filed and court has not disposed of it within 120 days). Appellant filed a timely

---

[5] While a post-trial motion must be filed within 10 days of a verdict, Pa.R.C.P. 227.1(c)(1), on January 5, 2021, Appellant filed a motion for post-trial relief *nunc pro tunc*, along with the post-trial motion. On January 14, 2021, the trial court accepted the post-trial motion. **See** Order, 1/14/21.

notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

At this juncture, we note the trial court issued its Rule 1925(b) order on June 22, 2021, which directed Appellant to file a statement within 21 days, or by Tuesday, July 13th. Appellant did not file a statement until July 15th, and thus it appears to be untimely. *See* Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (any issues not raised in a timely Rule 1925(b) statement are waived on appeal).

Nevertheless, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . . [T]herefore, we look first to the language of that order." ***Rahn v. Consol. Rail Corp.***, 254 A.3d 738, 745–46 (Pa. Super. 2021) (citations omitted). When the court's order "is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply." ***Id.*** at 746 (citation omitted).

Here, the trial court's Rule 1925(b) order stated:

> **AND NOW**, this 22nd day of June, 2021, pursuant to Pennsylvania Rules of Appellate Procedure R.A.P. 1925(b), the Court hereby directs [Appellant's counsel] to file a Statement of the Matters Complained of on Appeal with the Washington County Prothonotary's Office within twenty-one (21) days of the date of this Order. Said Statement shall be filed of record with a copy provided to the Court and to all parties.

Failure to comply with this Order shall be considered a waiver of all objections and/or issues. Any issue not properly included in the Statement shall be deemed waived.

Order, 6/22/21.

Although the trial court's order is generally compliant with Rule 1925(b)(3), we note it does not specify "the address to which the appellant can mail the Statement," as required by Subsection (b)(3)(iii). *See* Pa.R.A.P. 1925(b)(3)(iii). Because the trial court's order is inconsistent with the requirements of the Rule, we decline to conclude Appellant has failed to comply with it. *See Rahn*, 254 A.3d at 746.

Appellant presents two issues for our review:

1. Did the lower court err by denying [Appellant's] counterclaim for an equitable lien against the weight of the [credible] evidence?

2. Did the lower court err as a matter of law and commit a breach of discretion by denying the imposition of the equitable lien to prevent [Appellee] from being unjustly enriched by retaining all money paid by [Appellant] to [Appellee], while also allowing [Appellee] to retain the full proceeds of any subsequent sale of the property?

Appellant's Brief at 5-6.

First, Appellant briefly raises the weight of the evidence supporting the trial court's acceptance of the terms of the sale agreement, as presented by Appellee. The sum of Appellant's argument on this issue is:

Ultimately, the lower court determined, contrary to . . . Appellant's assertions, that the "nonrefundable" language must have been present in the agreement at the time of signing. The lower court further determined that . . . Appellant freely entered into the harsh terms of the contract, and that said terms were enforceable. . . .

J-A12032-22

Appellant's Brief at 9. We conclude no relief is due.

> Our review of a judgment entered following a non-jury trial is limited to
>
> a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*Discover Bank v. Booker*, 259 A.3d 493, 495 (Pa. Super. 2021) (citation omitted).

Here, the trial court rejected Appellant's claim that the sale agreement, at the time he executed it, did not include the terms referring to non-refundable monies and a closing to be held on or about May 31, 2017. *See* Trial Ct. Op. at 5. Appellant averred that section of the agreement was blank. The trial court reasoned that if this were true, "a large space would have" followed the list of the property's three "parcel numbers and it would seem unusual to have the signatures squeezed in at the bottom of the document." *Id.* The court further reasoned that without the provision concerning a closing date, the agreement would have been silent as to when final payment was due. *Id.*

A careful review of Appellant's discussion reveals no argument why the trial court improperly weighed the evidence; instead, he merely summarizes

- 8 -

the trial court's findings. In any event, as stated above, the court's findings of fact are supported by the record, and thus binding on this Court. *See Discover Bank*, 259 A.3d at 495. Accordingly, no relief is due. *See also Harris v. Toys "R" Us-Penn, Inc.*, 880 A.2d 1270, 1279 (Pa. Super. 2005) (failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review).

Next, Appellant asserts the trial court erred in denying his counterclaim for unjust enrichment, where it was not disputed that he paid $148,000 toward the purchase of the property and expended $18,000 for improvements. Appellant's Brief at 10, 14. Appellant points out that under the court's judgment, he will forfeit this money, while Appellee will retain it while also being awarded possession of the property, and furthermore Appellee will realize the proceeds of any future sale of the property. *Id.* at 11. Appellant maintains that "a partially performing party in breach should [not] forfeit all funds paid prior to the breach."[6] *Id.* at 12.

_____

[6] In support, Appellant cites *Lancellotti v. Thomas*, 491 A.2d 117 (Pa. Super. 1985), which rejected the common law rule precluding "a defaulting purchaser of a business [,] **who has also entered into a related lease** for the property[,]" from recovering "any part of his payments made prior to default." Appellant's Brief at 12 (emphasis added). However, Appellee alleged in its complaint that the parties have no landlord-tenant relationship, and Appellant admitted this averment in his answer. *See* Appellee's Complaint in Ejectment, 10/10/19, at 1 (unpaginated); Appellant's Answer & Counter-claim at 2. Accordingly, we disagree that the cited principle in the *Lancellotti* opinion governs the issue presented.

*(Footnote Continued Next Page)*

Appellant acknowledges the accuracy of the trial court's citation of the rule, that unjust enrichment is not applicable when the parties' relationship is founded upon a written agreement or express contract, "regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'" Appellant's Brief at 14, *quoting* **Wilson Area Sch. Dist.**, 895 A.2d at 1254. However, Appellant contends, this principle "is inapposite to the present case," because he "is not complaining that he made a bad bargain for the house[,]" but instead, his claims were that: (1) his payments created an equitable interest in the property; and (2) Appellee will receive an unjustifiable windfall if it is permitted to eject him and sell the property unencumbered. Appellant's Brief at 15. We conclude no relief is due.

As stated several times in this memorandum already,

> it has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how "harsh the provisions of such contracts may seem in the light of subsequent happenings."

**See Wilson Area Sch. Dist.**, 895 A.2d at 1254 (citations omitted). This Court has explained:

---

Appellant also cites **Clairton Corp. v. Chicago Title Ins. Co.**, 652 A.2d 916, 920 (Pa. Super. 1995), for the principle, "[W]hen legal title has not been conveyed, the equitable interest of a purchaser under **an installment land contract** is subject to a lien to the extent of the purchase money actually paid." Appellant's Brief at 13-14 (emphasis added). However, Appellant does not claim, and no evidence was presented, that the parties had an installment land contract.

> Where unjust enrichment is found, the law implies a quasi-contract which requires the defendant to pay to plaintiff the value of the benefit conferred. . . .

> By its nature, the doctrine of quasi-contract, or unjust enrichment, is inapplicable where a written or express contract exists.

*Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. 2006) (citations omitted).

Appellant's emphasis on the nature of his particular claim — that Appellee will receive an unfair windfall, rather than whether he made a "bad bargain" — is misplaced. **See** Appellant's Brief at 14-15. Our case authority does not suggest the above rule — that unjust enrichment does not apply where the parties have a contract — is invoked only upon a claim that the contract is a "bad bargain." Instead, simply, unjust enrichment will not apply when there exists a contract between parties. **See Wilson Area Sch. Dist.**, 895 A.2d at 1254; **Lackner**, 892 A.2d at 34. Accordingly, we do not disturb the trial court's application of this principle to deny relief on Appellant's counterclaim of unjust enrichment.

We acknowledge the trial court's sentiment that Appellant "made a bad deal" in agreeing to the term that any monies paid would be non-refundable. Nevertheless, as the court aptly noted, contracting parties are bound by their agreements, irrespective of whether they embody reasonable or good bargains. **See** Trial Ct. Op. at 6, *citing* **Simeone**, 581 A.2d at 165.

For the foregoing reasons, we conclude no relief is due. We thus affirm the judgment entered in favor of Appellee.

Judgment affirmed.

- 11 -

J-A12032-22

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/01/2022

- 12 -